FRANK BAEDER ET AL., PLAINTIFFS IN ERROR, v. JOHN A. CARNIE, DEFENDANT IN ERROR.

1. Under the act "for the collection of demands against ships, steamboats and other vessels," (*Rev.*, p. 585,) the lien is expressly given where the work is done or the materials or articles furnished in this state, and it matters not where the contract was made.

2. When the contract was to put the vessel in complete repair as soon as possible, and a dispute arose between the contracting parties before the completion of the work, the workman may recover to the extent of the work performed.

In error from Hudson Circuit Court.

For the plaintiff in error, *L. Abbett.*

For the defendant in error, *J. C. Besson.*

The opinion of the court was delivered by

THE CHANCELLOR. This suit was brought in the Hudson Circuit Court by John A. Carnie against Frank Baeder and Peter Wilkins, on a bond given by them under the act "for the collection of demands against ships, steamboats and other vessels," (*Rev., p.* 585,) to release a steamboat of Baeder's from a lien claimed for money alleged to be due to Carnie for work done and materials furnished in repairing, fitting and furnishing the vessel. The contract between the parties under which the work was done was that Carnie was to do the work necessary to put the vessel in complete repair as soon as possible. He proceeded with the work, but did not do it entirely to the satisfaction of Baeder. He admits that the engine was not, when the work was done, in a satisfactory condition. The suit was brought to recover for the work done and materials found. The plaintiffs in error insist that the provisions of the act do not apply to a case where, as in this one, the contract was not made in this state, though the work was done here, and that the contract was what is called an entire contract, and that the defendant in error, not having put the vessel in running order, is therefore not entitled to any compensation. The language of the act is too plain to admit of any doubt on the first point. The lien is expressly given where the work is done or the materials or articles furnished in this state, and it matters not where the contract was made. As to the other point: The contract in question was not an unapportionable one. "If there be nothing," says Mr. Chitty, "in the case amounting to a contract to complete

the work before any remuneration shall be due—as in the case of a shipwright undertaking, in the same way that shipwrights ordinarily do, to put a vessel in repair—the workman may, after he has proceeded with a portion of the work, refuse to continue it unless he is paid for the work he has performed, and he may recover to that extent." *Chit. on Cont.* 831. In *Roberts* v. *Havelock*, 4 *B. & Ad.* 404, a case in all respects similar to the one in hand, the contract was to put the ship in complete repair, and a dispute arose between the contracting parties before the work was completed; it was held that the plaintiff was entitled to recover. There was in the case under consideration no contract to do the whole work before demanding compensation.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, GREEN, PATERSON, WHITAKER.    13.

*For reversal*—None.